IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ZAFUL (HONG KONG) LIMITED, | ) | |
| | ) | Case No. 1:24-cv-11111 |
| Plaintiff, | ) | |
| | ) | Magistrate Judge: |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| THE INDIVIDUALS, CORPORATIONS, | ) | |
| LIMITED LIABILITY COMPANIES, | ) | |
| PARTNERSHIPS, AND UNINCORPORATED | ) | |
| ASSOCIATIONS IDENTIFIED ON | ) | **REDACTED VERSION** |
| SCHEDULE A HERETO, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff ZAFUL (HONG KONG) LIMITED, ("Zaful"), for its complaint and prayer for injunctive relief against the parties identified on **Schedule A** attached hereto ("Defendants"), states as follows:

### INTRODUCTION

1.      Plaintiff Zaful owns the enormously popular ZAFUL online fashion and lifestyle retailer. (*See* https://www.zaful.com). Zaful's affordable clothes and original designs have taken the Internet by storm and inspired many copycats. Defendants are online sellers operating under one or more seller aliases that are advertising, offering for sale, and selling clothing using Zaful's original, copyrighted works. These sellers may be using more than one alias at a time to conceal their identities and the full scope of their operation.

2.      Zaful is forced to file this action to combat Defendants' infringement of its copyrighted works and to protect unknowing consumers from purchasing unauthorized products over the Internet. Zaful has been irreparably damaged by Defendants' infringement and seeks injunctive and monetary relief.

## THE PARTIES

3.      Plaintiff ZAFUL (HONG KONG) LIMITED is a private limited liability company with its principal place of business in China and owns the famous Zaful trademark and online fashion and lifestyle retailer.

4.      Defendants are business entities who, upon information and belief, reside mainly in foreign jurisdictions. Defendants operate e-commerce stores under the seller aliases identified on Schedule A and/or other aliases. Defendants conduct business in the United States and have offered to sell and have sold and continue to offer to sell and sell products to United States consumers, including in Illinois and this judicial district.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), as this action arises under the copyright laws of the United States.

6.      This Court has personal jurisdiction over Defendants under Federal Rule 4(k)(2) because they are foreign Defendants that can be sued anywhere in the United States, are not subject to jurisdiction to any state's courts of general jurisdiction, and exercising jurisdiction is consistent with the Copyright Act and the United States Constitution.

7.      This Court has personal jurisdiction over Defendants because Defendants target business activities toward consumers in the United States, including Illinois. Defendants offer to sell and sell to Illinois residents and other United States consumers by setting up and operating e-commerce stores through online platforms. Defendants offer shipping to the United States, including Illinois, and accept payments in U.S. dollars from U.S. bank accounts. Defendants have offered to sell and have sold and continue to offer to sell and sell apparel bearing unauthorized copies of Zaful's copyrighted works to residents of Illinois, and residents of this District. Defendants have wrongfully injured Zaful in the state of Illinois.

2

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(a). In this copyright action, venue is proper in any district in which Defendants reside or may be found, which includes any district in which they would be subject to personal jurisdiction. *See also* 28 U.S.C. § 1391(b)(3). On information and belief, Defendants are not residents in the United States, which means that they may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3).

## JOINDER

9.      Joining Defendants is proper in this case under Federal Rules 20(a)(2) because Zaful's claims arise out of the same occurrence of copyright infringement on the same website.

10.      Defendants are logically interrelated because they all sell infringing products on the same internet platform, www.temu.com, and there will be common questions of both law and fact that will arise.

11.      Defendants are also interrelated because of the commonalities shared by the infringing products, the actual copyrighted images infringed, and, upon information and belief, their common ownership/corporate identities.

## BACKGROUND

### *Plaintiff's Copyrighted Works*

12.      Zaful is a private limited liability company registered in Hong King, China. In the United States, Zaful sells apparel, accessories, and a variety of other products through its website, https://www.zaful.com.

13.      Through its brand, Zaful has invested significant resources in building goodwill and brand recognition on social media and the internet. It has made a name among regular shoppers and has registered various copyrights to protect its original designs and photographs.

14.      Zaful is the owner of all rights to the thirteen (13) copyrighted designs and photographs at issue here (the "Zaful Copyrights"). The copies of United States Copyright Office

3

registration pages for Reg. Nos. ███████████ ██████████ ██████████ ████ ███████████, are attached as Exhibits 1, 2, 3, and 4. Pursuant to the Assignment of Copyrights, annexed hereto as Exhibit 5, the photographs at issue were originally created by Shenzhen Zaful Commercial Co., Ltd.'s employee Wumei Lin as works for hire, as meant under the copyright laws of the United States. The Zaful Copyrights were created by Shenzhen Zaful Commercial Co., Ltd for the benefit of Plaintiff pursuant to an agreement between the two parties. It was the intention of both Plaintiff and Shenzhen Zaful Commercial Co., Ltd. that all rights, title, ownership, and interest in the Zaful Copyrights vested in Plaintiff at the time of their creation. As reflected in these documents (Exhs. 1-5) Zaful is the owner of all rights to these copyrights, and the copyrights are valid and enforceable.

15.    Each of the Zaful's Copyrights are included in product listings on the ZAFUL website and/or app. Copies of Plaintiff's copyrighted photographs at issue are attached as Exhibit 6. An exemplary Zaful product listing for some designs or photographs are provided in the following table.

| Registration No. | Title of Work | ZAFUL Product Listing URL |
|---|---|---|
| ██████████ | ███████████ ███████████ ████ | ███████████████ ██████████ █████████████ |
| ██████████ | ███████████ ███████████ ████ | █████████████████ ████████████ █████████ |
| ██████████ | ████████████ ███████████ ███████ | ██████████████ █████████████ |
| ██████████ | ███████████ ████ | █████████████ ████████████ █████████ |

4

*Defendants' Unlawful Conduct*

16.     Defendants are online sellers on e-commerce platforms, including Temu. Defendants have deliberately and unlawfully copied, displayed, and sold various apparel using images virtually identical, or exactly identical, to the Zaful Copyrights. The success of the ZAFUL brand inspires many copycats. Zaful regularly finds sellers on e-commerce platforms selling goods bearing or using infringing copies of the Zaful Copyrights.

17.     Defendants are among such sellers that have recognized Zaful's success and infringed on the Zaful Copyrights by copying those designs directly from https://www.zaful.com.

18.     Defendants knowingly and willfully manufacture, offer for sale, and/or sell apparel using the Zaful Copyrights in the United States without authorization. Defendants' conduct infringes Zaful's copyright and irreparably harms Zaful.

## COUNT I
## Copyright Infringement (17 U.S.C. §§ 106 and 501 Against Schedule A Defendants)

19.     Zaful incorporates each of the preceding paragraphs as if fully set forth herein.

20.     The Zaful Copyrights are original works and are copyrightable subject matter under 17 U.S.C. § 101 et seq.

21.     Zaful's ownership of the Zaful Copyrights and registrations for the Zaful Copyrights are valid and in full force and effect under Reg Nos. ███████████████ ███████████████. At all relevant times, Zaful has owned and still owns all exclusive rights in the Zaful Copyrights, including the right to reproduce, to prepare derivative works, and to distribute copies.

22.     Zaful has never granted any license or rights in the Zaful Copyrights to Defendants.

5

23.     Defendants have deliberately and unlawfully copied, manufactured, displayed, reproduced, created derivative works of, adapted, marketed, sold, and/or distributed the Zaful Copyrights in violation of Zaful's Copyrights.

24.     On information and belief, Defendants had access to the Zaful Copyrights *via* the Internet, where the designs appear in connection with ZAFUL-branded clothing Zaful sells online, and the photographs are used to sell ZAFUL products.

25.     Defendants' copied designs and photographs are, in the vast majority of cases, virtually identical to the Zaful Copyrights. Where they are not virtually identical, they are strikingly similar. Zaful's original designs and photographs are reproduced below alongside examples of copies found in Defendants' web stores. Screenshots from the copied designs on the Temu website are attached as Exhibit 7.

| Original Design/Photograph | Copied Design/Photograph |
|---|---|
| | |

97650\322819177.v2

| Original Design/Photograph | Copied Design/Photograph |
|---|---|



97650\322819177.v2

| Original Design/Photograph | Copied Design/Photograph |
|---|---|



8

| Original Design/Photograph | Copied Design/Photograph |
|---|---|



| Original Design/Photograph | Copied Design/Photograph |
|---|---|
|  | |

26.     Defendants' actions constitute willful copyright infringement in violation of 17 U.S.C. § § 106 and 50l (a).

27.     Defendants reap the benefit of their unauthorized copying in the form of revenue and other profits from the sale of clothing using the copied designs and photographs.

28.     Pursuant to 17 U.S.C. § 504, Zaful is entitled to actual damages and any additional profits attributable to Defendants' acts in an amount to be determined at trial, as well as statutory damages, enhanced for Defendants' willful infringement.

29.     Defendants have caused, and if not enjoined will continue to cause, Zaful irreparable injury for which there is no adequate remedy at law.

PRAYER FOR RELIEF

Zaful prays for the following relief:

1.     Judgment in favor of Zaful.

2.     Preliminary and permanent injunctive relief restraining Defendants and Defendants' officers, agent, servants, employees, attorneys, and all persons in active concert and/or participation with any of them from:

97650\322819177.v2

a.  reproducing, distributing copies of, making derivative works of, or publicly displaying the Zaful Copyrights in any manner without Zaful's express authorization;

b.  manufacturing, shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or disposing of, in any manner, products or inventory not manufactured by or for Zaful which bear the Zaful Copyrights.

3.  Entry of an Order that, upon Zaful's request, those with notice of the injunction, shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods which bear the Zaful Copyrights.

4.  Compensatory and exemplary damages, as well as disgorgement of Defendants' profits.

5.  Alternatively, Zaful prays for the maximum amount of statutory damages provided by law, $150,000 per work infringed pursuant to 17 U.S.C. § 504(c).

6.  Pre-and post-judgment interest and attorney's fees and costs.

7.  All other and further relief as is just, equitable, and proper.

Date:   October 29, 2024

Respectfully submitted,

HINSHAW & CULBERTSON LLP

*/s/ Chi (Michael) Zhang*
Chi (Michael) Zhang

Chi (Michael) Zhang
Hinshaw & Culbertson LLP

97650\322819177.v2

151 North Franklin Street
Suite 2500
Chicago, IL 60606
Telephone: 312-704-3000
Facsimile: 312-704-3001
mzhang@hinshawlaw.com

97650\322819177.v2