IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZAFUL (HONG KONG) LIMITED, ) | |
| ) | Case No. 1:24-cv-11111 |
| Plaintiff, ) | |
| ) | Magistrate Judge: |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| THE INDIVIDUALS, CORPORATIONS, ) | |
| LIMITED LIABILITY COMPANIES, ) | |
| PARTNERSHIPS, AND UNINCORPORATED ) | |
| ASSOCIATIONS IDENTIFIED ON ) | **REDACTED** |
| SCHEDULE A HERETO, ) | **VERSION** |
| ) | |
| Defendants. ) | |

## SECOND AMENDED COMPLAINT

Plaintiff ZAFUL (HONG KONG) LIMITED, ("Zaful"), for its Second Amended Complaint and prayer for injunctive relief against the party identified on **Schedule A**[1] attached hereto ("Defendant"), states as follows:

### INTRODUCTION

1. Plaintiff Zaful owns the enormously popular ZAFUL online fashion and lifestyle retailer. (*See* https://www.zaful.com). Zaful's affordable clothes and original designs have taken the Internet by storm and inspired many copycats. Defendant is an online sellers operating under one or more seller aliases that is advertising, offering for sale, and selling clothing using Zaful's original, copyrighted works. Defendant may be using more than one alias at a time to conceal its identity and the full scope of its operation.

---

[1] The Schedule A included in the previous Amended Complaint contained shortened hyperlinks to Defendant's Online Market Place and Product Links to the infringing product. Those hyperlinks were lost when the document was converted to PDF for filing, which the Court noted in its January 23, 2025 minute entry. (ECF No. 18) The new Schedule A contains the full links to both the Defendant's market place and the product, which is both clickable and can also be accessed through a copy and paste in any web browser.

2. Zaful is forced to file this action to combat Defendant's infringement of its copyrighted works and to protect unknowing consumers from purchasing unauthorized products over the Internet. Zaful has been irreparably damaged by Defendant's infringement and seeks injunctive and monetary relief.

## THE PARTIES

3. Plaintiff ZAFUL (HONG KONG) LIMITED is a private limited liability company with its principal place of business in China and owns the famous Zaful trademark and online fashion and lifestyle retailer.

4. Defendant is a business entity who, upon information and belief, resides mainly in a foreign jurisdiction. Defendant operates e-commerce stores under the seller aliases identified on Schedule A and/or other aliases. Defendant conducts business in the United States and has offered to sell and has sold and continues to offer to sell and sells products to United States consumers, including in Illinois and this judicial district.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), as this action arises under the copyright laws of the United States.

6. This Court has personal jurisdiction over Defendant under Federal Rule 4(k)(2) because it is a foreign Defendant that can be sued anywhere in the United States, is not subject to jurisdiction to any state's courts of general jurisdiction, and exercising jurisdiction is consistent with the Copyright Act and the United States Constitution.

7. This Court has personal jurisdiction over Defendant because Defendant targets business activities toward consumers in the United States, including Illinois. Defendant offers to sell and sells to Illinois residents and other United States consumers by setting up and operating e-commerce stores through online platforms. Defendant offers shipping to the United States,

including Illinois, and accepts payment in U.S. dollars from U.S. bank accounts. Defendant has offered to sell and has sold and continues to offer to sell and sells apparel using unauthorized copies of Zaful's copyrighted works to residents of Illinois, and residents of this District. Defendant has wrongfully injured Zaful in the state of Illinois.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(a). In this copyright action, venue is proper in any district in which Defendant resides or may be found, which includes any district in which they would be subject to personal jurisdiction. *See also* 28 U.S.C. § 1391(b)(3). On information and belief, Defendant is not a resident of the United States, which means that it may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3).

## BACKGROUND

*Plaintiff's Copyrighted Works*

9. Zaful is a private limited liability company registered in Hong King, China. In the United States, Zaful sells apparel, accessories, and a variety of other products through its website, https://www.zaful.com.

10. Through its brand, Zaful has invested significant resources in building goodwill and brand recognition on social media and the internet. It has made a name among regular shoppers and has registered various copyrights to protect its original designs and photographs.

11. Zaful is the owner of all rights to the copyrighted designs and photographs at issue here (the "Zaful Copyrights"). A copy of the United States Copyright Office registration pages for Reg. No. VA0002406907 is attached as Exhibit 1. Pursuant to the Assignment of Copyrights, annexed hereto as Exhibit 2, the photographs at issue were originally created by Shenzhen Zaful Commercial Co., Ltd.'s employee Wumei Lin as works for hire, as meant under the copyright laws of the United States. The Zaful Copyrights were created by Shenzhen Zaful Commercial Co., Ltd for the benefit of Plaintiff pursuant to an agreement between the two parties. It was the intention

of both Plaintiff and Shenzhen Zaful Commercial Co., Ltd. that all rights, title, ownership, and interest in the Zaful Copyrights vested in Plaintiff at the time of their creation. As reflected in these documents (Exhs. 1-2). Zaful is the owner of all rights to these copyrights, and the copyrights are valid and enforceable.

12. Each of the Zaful's Copyrights are included in product listings on the ZAFUL website and/or app. Copies of Plaintiff's copyrighted photographs at issue are attached as Exhibit 3. A link to the Zaful product listing with photographs are provided in the following table.

| Registration No. | Title of Work | ZAFUL Product Listing URL |
|---|---|---|
| ▇▇▇▇▇ | ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ | ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ |

*Defendant's Unlawful Conduct*

13. Defendant is an online seller on e-commerce platforms, including Temu. Defendant has deliberately and unlawfully copied, displayed, and sold various apparel using images virtually identical, or exactly identical, to the Zaful Copyrights. The success of the ZAFUL brand inspires many copycats. Zaful regularly finds sellers on e-commerce platforms selling goods bearing or using infringing copies of the Zaful Copyrights.

14. Defendant is among such sellers that have recognized Zaful's success and infringed on the Zaful Copyrights by copying those designs directly from https://www.zaful.com.

15. Defendant knowingly and willfully manufactures, offers for sale, and/or sells apparel using the Zaful Copyrights in the United States without authorization. Defendant's conduct infringes Zaful's copyright and irreparably harms Zaful.

## COUNT I
## Copyright Infringement (17 U.S.C. §§ 106 and 501 Against Schedule A Defendants)

16. Zaful incorporates each of the preceding paragraphs as if fully set forth herein.

17. The Zaful Copyrights are original works and are copyrightable subject matter under 17 U.S.C. § 101 et seq.

18. Zaful's ownership of the Zaful Copyrights and registrations for the Zaful Copyrights are valid and in full force and effect under Reg No. ▮▮▮▮▮▮▮▮. At all relevant times, Zaful has owned and still owns all exclusive rights in the Zaful Copyrights, including the right to reproduce, to prepare derivative works, and to distribute copies.

19. Zaful has never granted any license or rights in the Zaful Copyrights to Defendant.

20. Defendant has deliberately and unlawfully copied, manufactured, displayed, reproduced, created derivative works of, adapted, marketed, sold, and/or distributed the Zaful Copyrights in violation of Zaful's Copyrights.

21. On information and belief, Defendant had access to the Zaful Copyrights *via* the Internet, where the designs appear in connection with ZAFUL-branded clothing Zaful sells online, and the photographs are used to sell ZAFUL products.

22. Defendant's copied designs and photographs are, in the vast majority of cases, virtually identical to the Zaful Copyrights. Where they are not virtually identical, they are strikingly similar. Zaful's original designs and photographs are reproduced below alongside examples of copies found in Defendants' web stores. Screenshots from the copied designs on the Temu website are attached as Exhibit 7.

| Original Design/Photograph | Copied Design/Photograph |
|---|---|
|  | |

23. Defendant's actions constitute willful copyright infringement in violation of 17 U.S.C. § § 106 and 50l (a).

24. Defendant reaps the benefit of their unauthorized copying in the form of revenue and other profits from the sale of clothing using the copied designs and photographs.

25. Pursuant to 17 U.S.C. § 504, Zaful is entitled to actual damages and any additional profits attributable to Defendant's acts in an amount to be determined at trial, as well as statutory damages, enhanced for Defendants' willful infringement, and attorneys' fees pursuant to the Copyright Act.

26. Defendants have caused, and if not enjoined will continue to cause, Zaful irreparable injury for which there is no adequate remedy at law.

**PRAYER FOR RELIEF**

Zaful prays for the following relief:

1. Judgment in favor of Zaful.

2. Preliminary and permanent injunctive relief restraining Defendant and Defendant's officers, agent, servants, employees, attorneys, and all persons in active concert and/or participation with any of them from:

   a. reproducing, distributing copies of, making derivative works of, or publicly displaying the Zaful Copyrights in any manner without Zaful's express authorization;

   b. manufacturing, shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or disposing of, in any manner, products or inventory not manufactured by or for Zaful which bear the Zaful Copyrights.

97650\323656901.v2

  3. Entry of an Order that, upon Zaful's request, those with notice of the injunction, shall disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of infringing goods which bear the Zaful Copyrights.

  4. Compensatory and exemplary damages, as well as disgorgement of Defendant's profits.

  5. Alternatively, Zaful prays for the maximum amount of statutory damages provided by law, $150,000 per work infringed pursuant to 17 U.S.C. § 504(c).

  6. Pre-and post-judgment interest and attorney's fees and costs.

  7. All other and further relief as is just, equitable, and proper.

Date: January 28, 2025

             Respectfully submitted,

             HINSHAW & CULBERTSON LLP


             */s/ Chi (Michael) Zhang*
             Chi (Michael) Zhang

Chi (Michael) Zhang
Hinshaw & Culbertson LLP
151 North Franklin Street
Suite 2500
Chicago, IL 60606
Telephone: 312-704-3000
Facsimile: 312-704-3001
mzhang@hinshawlaw.com

## CERTIFICATE OF SERVICE

  I hereby certify that on <u>January 28, 2025</u>, I electronically filed the foregoing *Second Amended Complaint* with the Clerk of the U.S. District Court, using the CM/ECF system reflecting service of to be served upon all parties of record.


9

*/s/ Chi (Michael) Zhang*
Chi (Michael) Zhang

97650\323656901.v2

9

*/s/ Chi (Michael) Zhang*
Chi (Michael) Zhang

97650\323656901.v2

# Schedule A

## Filed Under Seal

# Exhibit 1

## Filed Under Seal

# Exhibit 2

## Filed Under Seal

# Exhibit 3

## Filed Under Seal

# Exhibit 4

## Filed Under Seal

# Proposed Temporary Restraining Order
# Filed Under Seal